**KOPELOWITZ OSTROW P.A.**
Kristen Lake Cardoso (CA Bar No. 338762)
cardoso@kolawyers.com
Ken Grunfeld (*pro hac vice* forthcoming)
grunfeld@kolawyers.com
One West Las Olas, Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100

*Counsel for Plaintiff and the Proposed Class*

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAN ELGIN, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Marian Elgin ("Plaintiff"), on behalf of herself and all other similarly situated residents of the United States of America, alleges as follows in this Class Action Complaint against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Plaintiff's allegations are based on personal information as to those allegations about herself and upon information and belief based upon facts discovered by Counsel, on all other matters. On behalf of herself and the Class (defined below), Plaintiff alleges as follows:

## PARTIES

1. Plaintiff is a resident of Mount Airy, North Carolina, who entered into a mortgage contract and promissory note with Wells Fargo in 2016 for her home located at 2140 East Pine Street, Mount Airy, North Carolina. At all times relevant to this Complaint, Wells Fargo serviced the Plaintiff's mortgage.

2. Wells Fargo is a National Banking Association, organized and operating under the National Banking Act, located in Sioux Falls, South Dakota, with its principal place of business in San Francisco, California.

3. Wells Fargo is subject to the supervision of the Comptroller of the Currency ("OCC") of the United States Department of the Treasury and is deemed a citizen of South Dakota pursuant to 28 U.S.C. § 1348. Wells Fargo Bank, N.A., provides Wells Fargo & Company personal and commercial banking services and is Wells Fargo & Company's wholly owned, principal operating subsidiary. Wells Fargo & Company is incorporated in Delaware with its principal place of business and corporate headquarters in San Francisco, California.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because there are 100 or more Class Members and the aggregate amount in controversy exceeds $5,000,000.00 exclusive of interest and costs. Additionally, at least one Class Member is a citizen of a state different from the corporate domicile of Wells Fargo.

5. This case is properly maintainable as a Class action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure in that the Class, which includes an unknown number of persons but certainly more than 100, is so numerous that joinder of all Members is impractical, there are substantial questions of law and fact common to the Class, and this case is properly maintainable as a Class action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, in that:

(a) questions of law and fact enumerated below, which are all common of the Class, predominate over any questions of law or fact affecting only individual Members of the Class;

(b) a class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

(c) the relief sought in this Class action will effectively and efficiently provide relief to all Members of the Class; and

(d) there are no unusual difficulties foreseen in the management of this class action.

6. At all relevant times, Wells Fargo conducted substantial business in this district, and many of the acts and transactions by Wells Fargo supporting the Plaintiff's claims occurred in this District.

7. The Court has personal jurisdiction over Wells Fargo, which has at least minimum contacts with the State of California as the bank conducts business here and has availed itself of the laws of California.

8. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9. Venue in the United States District Court for the Northern District of California is proper because Wells Fargo transacts business within this District and a substantial part of the events giving rise to the claims at issue in this Complaint occurred in this District.

10. Pursuant to Civil L.R. 3-2(c), this case is properly assigned to the San Francisco Division because a substantial part of the events or omissions that give rise to Plaintiff's and Class Member's claims occurred in San Francisco County.

**FACTUAL ALLEGATIONS**

11. Wells Fargo is one of the nation's largest originators and servicers of residential home mortgage loans and at all times relevant hereto was either the owner

and servicer or servicer of the home mortgage loans of the Plaintiff and Class.

12. In early 2020 as the Covid-19 pandemic began spreading rapidly throughout the United States, the federal government enacted the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"). The CARES Act was a $2.2 trillion economic stimulus bill designed (according to the U.S. Treasury Department) to provide "critical assistance to individuals and their families, ensuring people have the opportunity to keep their families safe and thriving, at work and at home."[1] An important provision of the CARES Act sought to protect homeowners affected by the pandemic. Congress mandated that banks and other lenders provide mortgage forbearances for individuals who may suffer negative economic effects due to the pandemic.

13. During a forbearance period, mortgage lenders and servicers were not permitted to charge or collect additional fees, penalties, or interest beyond what was already scheduled in the mortgage contract.

14. During a forbearance period, mortgage lenders and servicers were required to report mortgage accounts as *current* during the forbearance period.

15. In 2020, Plaintiff lost her job due to the COVID-19 pandemic. Subsequently, she was contacted by Wells Fargo with written notification that she was eligible for forbearance relief under the CARES Act. Plaintiff properly completed a CARES Act forbearance application and received an initial forbearance.

16. At all times relevant to this Complaint, Plaintiff was unemployed due to the COVID-19 pandemic.

17. At all times relevant to this Complaint, Plaintiff complied with the requirements to receive a mortgage forbearance with Wells Fargo under the CARES Act.

---

[1] *See* https://home.treasury.gov/policy-issues/coronavirus/assistance-for-American-families-and-workers (last visited May 3, 2025)

18. On August 23, 2022, Plaintiff received a letter from Wells Fargo offering her "an opportunity to pursue a short sale" of her home to avoid foreclosure. The letter indicated, "A short sale is the sale of your property for a price that is less than the amount you still owe on your mortgage, but that we determine to be an acceptable amount."

19. To avoid foreclosure, Plaintiff sold her home via short sale.

20. In April of 2025, Plaintiff received an unsolicited letter and check from Wells Fargo, indicating:

> April 15, 2025
>
> Subject: Check enclosed for the Wells Fargo account ending in 9045
>
> Dear MARIAN L ELGIN:
>
> During a review of the Wells Fargo account, we identified that when the loan was considered for payment assistance options, it may have been improperly denied. As a result, we are enclosing a check for $10,893.05. Please cash or deposit the check in a branch, at an ATM, or using mobile deposit at your earliest convenience. We apologize for any inconvenience this may have caused.
>
> - The check may include amounts for differences in interest, monthly payment, principal balance, fees, or any combination of these.
> - This payment is in addition to any amount we may have previously sent.
> - We added an amount for the time these funds were unavailable.

21. Further, Wells Fargo invited the Plaintiff to initiate mediation of her obviously valid claims against this bank. The letter goes on to state:

> **Mediation**
> If you do not feel that we have made things right, you have the option of participating in mediation. Mediation is offered when customers indicate they may have incurred additional expenses as a result of actions by Wells Fargo which have not been reimbursed. Mediation is a nonbinding dispute resolution process that is facilitated by an independent mediation service provider at no cost to you. Wells Fargo will pay all costs associated with the mediation. You are not waiving any legal claims by participating in the process. You do not waive your right or limit your ability to choose mediation by cashing the enclosed check. If you want to discuss a mediation option, please call us at the number listed below.

22. As a result of improperly denying her payment assistance options and the forced short sale of her home, as Wells Fargo's letter indicates, Plaintiff suffered damages associated with differences in interest, monthly payment, principal balance and fees associated with the forbearance and short sale.

23. Further, in addition to non-economic damages associated with the the forbearance and forced short sale of her home, Plaintiff has suffered damages, including but not limited to loss of equity in her home, loss of opportunity for equity in her home, costs associated with the sale of her home, and Wells Fargo's wrongfully reporting inaccurate information to credit reporting agencies regarding her residential mortgage loan when, in reality, she was improperly denied forbearance and other payment assistance options under the CARES Act.

## CLASS ALLEGATIONS

**A.   Class Definitions**

24. Plaintiff brings this action against Wells Fargo pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of herself and all other persons similarly situated. Plaintiff seeks to represent the following "Classes":

> All persons within the United States who applied to Wells Fargo Bank, N.A. for mortgage forbearance under the CARES Act and were improperly denied.

> All persons within the United States who applied to Wells Fargo Bank, N.A. for mortgage forbearance under the CARES Act, received mortgage forbearance, and were charged improper fees or interest during the forbearance period.

25. Excluded from the Class are the assigned Judge, the Judge's staff and family, and Wells Fargo employees.

26. Plaintiff reserves the right to modify or amend the definition(s) of the proposed Class before the Court determines whether certification is appropriate.

27. Wells Fargo's improper denial of mortgage forbearance under the

CARES Act caused Plaintiff and the respective Class Members damages in the same or substantially the same manner.

**B.  Numerosity**

28.  The proposed Classes are so numerous that joinder of all Members would be impracticable. The individual Class Members are ascertainable, as the names and addresses of all Class Members can be identified in the business records maintained by Wells Fargo. The precise number of Class Members for the Class Members are at least in the hundreds if not thousands, and can only be obtained through discovery, but the numbers are clearly more than can be consolidated into one complaint such that it would be impractical for each member to bring suit individually.  Plaintiff does not anticipate any difficulties in the management of the action as a Class action.

**C.  Commonality**

29.  There are questions of law and fact that are common to Plaintiff and Class Members' claims. These common questions predominate over any questions that go particularly to any individual member of the Class. Among such common questions of law and fact are the following:

a. Whether Wells Fargo was negligent in denying mortgage forbearance to the Plaintiff and Class Members under the CARES Act;

b. Whether the Plaintiff and Class Members were charged additional interest or fees during any period of mortgage payment forbearance under the CARES Act;

c. Whether the Plaintiff and Class Members paid additional interest or fees as a result of Wells Fargo's improper denial of mortgage payment forbearance under the CARES Act;

c. Whether the Plaintiff and Class Members lost their home to a short sale or foreclosure as a result of Wells Fargo's improper denial of mortgage

payment forbearance or other payment assistance options under the CARES Act;

    d.  Whether Wells Fargo was negligent by applying mortgage payments made by the Plaintiff and the Class accurately to amounts towards incorrect fees or interest charged to their mortgage accounts:

    e.  Whether Wells Fargo intentionally and unjustifiably interfered with Plaintiff and the Classes' rights under the mortgage contracts by requiring borrowers to pay more fees or interest than they should have; and

    f.  Whether Wells Fargo received any benefit, profited, and was unjustly enriched by charging the Plaintiff and the Class Members improper or incorrect fees, interest or other charges or fees.

**D.   Typicality**

30.   Plaintiff is a Member of the Class she seeks to represent. Plaintiff's claims are typical of the respective Class Members' claims because of the admitted similarity, uniformity, and common errors as described in Wells Fargo's April 15, 2025, letter to the Plaintiff. Each Class Member has sustained and will continue to sustain damages in the same manner as Plaintiff as a result of Wells Fargo's wrongful conduct.

**E. Adequacy of Representation**

31.   Plaintiff is an adequate representative of the Class she seeks to represent and will fairly and adequately protect the interests of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel, experienced in litigation of this nature, to represent them. There is no inconsistency or hostility between the Plaintiff and the unnamed Class Members. Plaintiff anticipates no difficulty in the management of this litigation as a Class action.

32.   To prosecute this case, Plaintiff has chosen the undersigned law firms, which are very experienced in class action litigation and have the financial and

legal resources to meet the substantial costs and legal issues associated with this type of litigation.

## F. Requirements of Fed. R. Civ. P. 23(b)(3)

33. The questions of law or fact common to Plaintiff and each Class Member's claims predominate over any questions of law or fact affecting only individual Members of the Class. All claims by Plaintiff and the unnamed Class Members are based on Wells Fargo's admitted improper assessment of fees and interest to mortgage accounts in forbearance under the CARES Act.

34. Common issues predominate when, as here, liability can be determined on a class-wide basis, even if there will be some individualized damage determinations.

35. As a result, when determining whether common questions predominate, courts focus on the liability issue, and if the liability issue is common to the Class and Classes as is the case at bar, common questions will be held to predominate over individual questions.

## G. Superiority

36. A class action is superior to individual actions in part because of the non-exhaustive factors listed below

(a) Joinder of all Class Members would create extreme hardship and inconvenience for the affected customers as they reside across different states;

(b) Individual claims by Class Members are impractical because the costs to pursue individual claims may exceed the value of what any one Class Member has at stake. As a result, individual Class members may have no interest in prosecuting and controlling separate actions;

(c) There are no known individual Class Members who are interested in individually controlling the prosecution of separate actions;

(d) The interests of justice will be well served by resolving the common

disputes of potential Class members in one forum;

(e) Individual suits would not be cost-effective or economically maintainable as individual actions; and

(f) The action is manageable as a class action.

### H. Requirements of Fed. R. Civ. P. 23(b)(1) & (2)

37. Prosecuting separate actions by or against individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for the party opposing the Class Members.

38. Wells Fargo has acted or failed to act in a manner generally applicable to the entirety of the Classes, thereby making an appropriate judgment or corresponding declaratory relief with respect to the Classes as a whole.

## TOLLING ALLEGATIONS

39. The causes of actions asserted by the Plaintiff, individually and on behalf of the Classes, were tolled and did not accrue until April 15, 2025, when Wells Fargo sent its letter to the Plaintiff indicating her mortgage forbearance "may have been improperly denied." Neither the Plaintiff nor any Class Member could have previously discovered the improper assessment of fees or interest and improper denial of mortgage payment forbearance which was vaguely disclosed by Wells Fargo in the letter.

40. The information regarding the improper assessment of fees or interest and improper denial of mortgage payment forbearance was at all times under the exclusive control of Wells Fargo.

41. Neither the Plaintiff nor the Class Members received any notice of the improper assessment of fees or interest and improper denial of mortgage payment forbearance until on or around April 15, 2025. Therefore, the Plaintiff and Class Members could not have discovered the facts supporting their causes of action until

recently being notified.

42. Wells Fargo successfully concealed from the public and from the Plaintiff and the Class the material fact that improper assessment of fees or interest and improper denial of mortgage payment forbearance had occurred until 2025.

## CAUSES OF ACTION

## COUNT I

## NEGLIGENCE

43. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 above as if fully set forth herein.

44. In administering requests for forbearance under the CARES Act, among other things, Wells Fargo was required to offer mortgage payment forbearance to all borrowers who declared hardship due to the COVID-19 pandemic, refrain from charging additional fees, penalties or interest beyond those scheduled in the mortgage contract, and report mortgage accounts as current during the forbearance.

45. Wells Fargo owed the Plaintiff and the Classes a duty to offer mortgage payment forbearance during the COVID-19 pandemic, refrain from charging additional fees, penalties or interest beyond those scheduled in the mortgage contract, and report mortgage accounts as current during the forbearance.

46. Wells Fargo breached its duty of care to the Plaintiff and the Class Members when it admittedly improperly denied mortgage payment forbearance or other payment assistance options during the COVID-19 pandemic.

47. Wells Fargo breached its duty of care when it sent letters offering a short sale in lieu of foreclosure to Plaintiff and Class Members, who were entitled to forbearance or other payment assistance options.

48. Wells Fargo breached its duty of care to the Plaintiff and the Class Members by forcing the sale of their homes when they were entitled to mortgage

payment forbearance or tother payment assistance options.

49. Wells Fargo breached its duty of care to the Plaintiff and the Class Members when it assessed additional fees, penalties or interest during any mortgage forbearance period under the CARES Act.

50. Wells Fargo breached a duty of care to the Plaintiff and the Class Members when it reported mortgage accounts as anything other than *current* during or after any mortgage payment forbearance period under the CARES Act

51. As a direct, proximate, and legal result of the aforementioned breaches of the duty, the Plaintiff and the Classes have suffered damages as described in this Complaint.

## COUNT II
## UNJUST ENRICHMENT

52. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 above as if fully set forth herein.

53. Upon information and belief, Wells Fargo required borrowers to make mortgage payments when they were entitled to forbearance or other payment assistance options available under the CARES Act, and the bank collected improper fees and interest on those mortgage payments to its own benefit.

54. Upon information and belief, Wells Fargo charged improper fees and interest to borrowers who were in mortgage payment forbearance under the CARES Act, to its own benefit.

55. Wells Fargo sent letters offering a short sale in lieu of foreclosure to Plaintiff and Class members who were entitled to forbearance or other payment assistance options under the CARES Act, which led to short sales and resulted in the collection of improper interest and fees by Wells Fargo.

56. Upon information and belief, Wells Fargo foreclosed on the homes of

the Class Members who were entitled to forbearance or other payment assistance options under the CARES Act, which resulted in the collection of improper mortgage payments, interest, and fees by Wells Fargo.

57. As a result, Plaintiff and Class Members have conferred a benefit on Wells Fargo.

58. Wells Fargo had knowledge of this benefit and voluntarily accepted and retained the benefit conferred upon it.

59. It would be unjust for Wells Fargo to retain the aforementioned mortgage payments, interest, and fees it collected without compensating the Plaintiff.

60. Therefore, the Plaintiff and each Class Member are entitled to recover the amount by which Wells Fargo was unjustly enriched at his or her expense.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all similarly situated individuals, demands judgment against Wells Fargo as follows:

1. Declaring this action to be a proper Class action maintainable pursuant to Federal Rules of Civil Procedure 23(a) and Rule 23(b)(1) and (2), or Rule 23(b)(3) and declaring Plaintiff and her counsel to be adequate representatives of the Class;

2. Declaring that Wells Fargo was negligent in denying mortgage payment forbearance or other payment assistance options to the Plaintiff and Class Members;

3. Awarding damages sustained by Plaintiff and the Class Members as a result of Wells Fargo's negligence in denying mortgage payment forbearance or other payment assistance options, which resulted in short sales or foreclosures;

4. Declaring that Wells Fargo was negligent in charging the Plaintiff and Class Members improper interest and fees during periods of forbearance;

5. Awarding damages sustained by Plaintiff and the Class Members as a result of Wells Fargo's negligence in charging Plaintiff and Class Members improper interest and fees, during periods of forbearance;

6. Declaring that Wells Fargo was negligent in reporting the status of mortgage accounts during and after periods of forbearance and awarding appropriate damages to the Plaintiff and Class Members;

7. Awarding damages sustained by Plaintiff and the Class Members as a result of Wells Fargo's negligence, together with pre-judgment interest;

8. Finding that Wells Fargo has been unjustly enriched and requiring it to refund all unjust benefits to Plaintiff and the Class Members, together with pre-judgment interest;

9. Awarding Plaintiff and the Classes costs and disbursements and reasonable allowances for the fees of Plaintiff and the Class counsel and experts, and reimbursement of litigation expenses; and

10. Awarding such other and further relief the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff and the Class Members request a jury trial for all Counts for which a trial by jury is permitted by law.

May 6, 2025.

*/s/ Kristen Lake Cardoso*
Kristen Lake Cardoso (SBN 338762)
Kenneth J. Grunfeld (*pro hac vice* forthcoming)
**KOPELOWITZ OSTROW P.A.**
1 West Las Olas Blvd., Ste. 500
Fort Lauderdale, FL 33301
Tel: (954) 525-4100
cardoso@kolawyers.com
grunfeld@kolawyers.com

Aaron C. Hemmings
**HEMMINGS & STEVENS, P.L.L.C.**
5540 McNeely Drive, Suite 202
Raleigh, North Carolina 27612

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Phone: 919.277.0161
Fax: 919.277.0162
ahemmings@hemmingsandstevens.com

Joseph "Jay" H. Aughtman
**AUGHTMAN LAW FIRM, LLC**
1772 Platt Place
Montgomery, AL 36117
o  (334) 215-9873
f  (334) 213-5663
c  (334) 868-0440
jay@aughtmanlaw.com

*Attorneys for Plaintiff and the Proposed Class*