UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIAN ELGIN,
Plaintiff,
v.
WELLS FARGO BANK, N.A.,
Defendant.

Case No. 4:25-cv-03937-KAW

**ORDER DENYING MOTION TO STRIKE CLASS ALLEGATIONS**

Re: Dkt. No. 54

On May 7, 2026, Defendant Wells Fargo Bank, N.A. filed a motion to strike Plaintiff's class allegations from the first amended complaint. (Def.'s Mot., Dkt. No. 54.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES Wells Fargo's motion to strike class allegations.

## I. BACKGROUND

### A. Brief Factual Background[1]

In sum, Plaintiff Marian Elgin alleges Wells Fargo improperly denied her forbearance and charged improper fees and interest in violation of the CARES Act, resulting in a forced short sale. (*See generally* First Am. Compl., "FAC," Dkt. No. 27.)

Plaintiff obtained a loan from Wells Fargo, but she lost her job during the COVID-19 pandemic, so she applied for and received an "initial" loan forbearance under the CARES Act. (FAC ¶¶ 1, 15.) Later, Plaintiff received a letter from Wells Fargo offering her the opportunity to pursue a short sale in lieu of foreclosure and she decided to sell her home via short sale to avoid

[1] The Court incorporates the factual background set forth in the order denying the motion to dismiss the first amended class action complaint. (Dkt. No. 43.)

United States District Court
Northern District of California

foreclosure. (FAC ¶¶ 18-19.)

Years later, Plaintiff received a remediation letter from Wells Fargo and a cashier's check for $10,893.05, because "[d]uring a review of the Wells Fargo account, we identified that when the loan was considered for payment assistance options, it may have been improperly denied." (FAC ¶ 20, Ex. B at 1.)

### B. Procedural Background

On September 4, 2025, Plaintiff filed the first amended class action complaint, in which she defines two proposed classes:

> All persons within the United States who applied to Wells Fargo Bank, N.A. for mortgage forbearance under the CARES Act, were improperly denied forbearance and charged improper costs, fees, interest, monthly payments, principal balance or any combination of these.
>
> All persons within the United States who applied to Wells Fargo Bank, N.A. for mortgage forbearance under the CARES Act, received mortgage forbearance, and were assessed improper costs, fees, interest, monthly payments, principal balance or any combination of these during the forbearance period.

(FAC ¶ 23.)

On May 7, 2026, Defendant filed the instant motion to strike class allegations. (Def.'s Mot., Dkt. No. 54.) On May 21, 2026, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 58.) On June 1, 2026, Defendant filed a reply. (Def.'s Reply, Dkt. No. 62.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedures 12(f) provides that, on its own or on a motion from a party, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The purposes of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). "A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded," and "[a] matter is impertinent if it does not pertain and is not necessary to the issues in question in the case." *Id.* Motions to strike, however, "are generally disfavored because the motions may be used as delaying tactics and because of the strong policy

favoring resolution of the merits." *Id.* (citation omitted). Thus, "[b]efore a motion to strike is granted the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005). As with a motion to dismiss, "the court must view the pleading under attack in the light most favorable to the pleader." *Id.* (citation omitted).

## III. DISCUSSION

### A. Proper Procedure

As a threshold matter, Plaintiff argues that Rule 12(f) is not the proper mechanism to strike the class allegations, and that it is an improper attempt to litigate class certification issues before Plaintiff has moved for certification and before class discovery is completed. (Pl.'s Opp'n at 1, 4-5.) Generally, "motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for arguments about class propriety." *Phan v. Sargento Foods, Inc.*, Case No. 20-cv-9251-EMC, 2021 WL 2224260, at *6 (N.D. Cal. June 2, 2021) (internal quotation omitted). This, however, "does not mean that a motion to strike class claims or allegations cannot be decided at the pleading stage." *Id.* at *6. Rather, courts will "examine[ ] the degree of factual development needed to resolve the particular issue. If the issue is purely legal in nature, then it may make little sense not to wait until class certification proceedings to resolve it given the burdens class certification and other class-related discovery imposes on the parties." *Id.*; *see also Langan v. United Servs. Auto Ass'n*, 69 F. Supp. 3d 965, 988 (N.D. Cal. 2014) ("Nevertheless, courts in this district sometimes strike class allegations with leave to amend when the face of the complaint shows conclusively that the proposed class cannot be certified.").

The Court agrees with Plaintiff that this motion is not the appropriate vehicle to address the propriety of the class allegations, because they are not purely legal in nature. Thus, the motion to strike is denied.

### B. Remaining arguments

While the Court need not address the remaining arguments, the Court will briefly do so below.

United States District Court
Northern District of California

**i. Plaintiff satisfies the Class 1 definition.**

First, the Court does not find that Plaintiff has pled herself out of Class 1. (*See* Def.'s Mot. at 6.) Class 1 includes those who "were improperly denied forbearance…." (FAC ¶ 23.) In sum, Wells Fargo is advocating for a narrow reading of the allegations in the operative complaint to mean that Plaintiff received a CARES Act forbearance, such that she was not improperly denied forbearance like the members of Class 1. (Def.'s Mot. at 6.)

Plaintiff, however, alleges only that she "properly completed a CARES Act forbearance application and received an initial forbearance." (FAC ¶ 15.) She continues that "[a]t all times…, Plaintiff complied with the requirements to receive a mortgage forbearance with Wells Fargo under the CARES Act." (FAC ¶ 17.) Thus, the Court finds that the allegations do not establish that Plaintiff received all forbearance extensions or CARES Act-related relief to which she was entitled. As Plaintiff argues, Wells Fargo's remediation letter creates a reasonable inference that Plaintiff was later denied additional payment assistance after the initial forbearance period. (*See* Pl.'s Opp'n at 9.) Thus, the Court finds that Wells Fargo's arguments raise factual questions that are more appropriate for class certification.

**ii. The classes are not impermissible "fail-safe" classes.**

Next, Wells Fargo argues that both proposed classes should be stricken because they condition membership on whether Wells Fargo acted "improperly." (Def.'s Mot. at 7.)

The Court disagrees. Here, the class definitions track the language contained in Wells Fargo's remediation letter, which provides: "During a review of the Wells Fargo account, we identified that when the loan was considered for payment assistance options, it may have been **improperly** denied." (FAC, Ex. B (emphasis added).) Thus, the Court finds that this is not the type of "fail-safe" class found impermissible by the Ninth Circuit. *Melgar v. CSK Auto, Inc.*, 681 F. App'x 605, 607 (9th Cir. 2017) (citing William B. Rubenstein, *Newberg on Class Actions* § 3:6 (5th ed. 2016)) ("A fail-safe class is commonly defined as limiting membership to plaintiffs described by their theory of liability in the class definition such that the definition presupposes success on the merits.") As Plaintiff argues in opposition, like the *Melgar* class, the class definitions require that "class members [] prove additional facts beyond the class definition." (Pl.'s

United States District Court
Northern District of California

Opp'n at 10 (citing *Melgar,* 681 F. App'x at 607).) Since class members must show that Wells Fargo's actions constituted a breach of the mortgage note between Defendant and the class members, the proposed classes do not automatically entitle anyone to relief simply because they fall within the class definition. *See Melgar,* 681 F. App'x at 607 (not an impermissible "fail-safe" class when "the liability standard applied by the district court required class members to prove more facts to establish liability than are referenced in the class definition."). Indeed, class members must show that they applied for mortgage forbearance under the CARES Act, and were charged or assessed "costs, fees, interest, monthly payments, principal balance or any combination" in violation of the mortgage note contract, which surely constitutes additional facts beyond the class definition. (*See* FAC ¶ 23.) Thus, the Court finds that the class definitions are not impermissible, fail-safe classes under Ninth Circuit authority.

## IV. CONCLUSION

For the reasons set forth above, Wells Fargo's motion to strike class allegations is DENIED.

IT IS SO ORDERED.

Dated: July 28, 2026

KANDIS A. WESTMORE
United States Magistrate Judge