United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIAN ELGIN,

Plaintiff,

v.

WELLS FARGO BANK, N.A.,

Defendant.

Case No. 4:25-cv-03937-KAW

**ORDER REGARDING 7/22/26 JOINT DISCOVERY LETTERS**

Re: Dkt. Nos. 69, 70, 71

[Discovery Dispute #2-4]

On July 22, 2026, the parties filed three joint discovery letters pertaining to the adequacy of Plaintiff's responses to Wells Fargo's requests for production of documents (RFP Letter, Dkt. No. 69), requests for admission (RFA Letter, Dkt. No. 70), and interrogatories (Interrog. Letter, Dkt. No. 71). Since the filing of these disputes, the Court denied Wells Fargo's motion to strike Plaintiff's class allegations. (Dkt. No. 72.)

As an initial matter, all three letters address Plaintiff's use of artificial intelligence ("AI") in responding to discovery. Specifically, Wells Fargo contends that Plaintiff violated the stipulated protective order by uploading Wells Fargo's discovery requests into an AI tool and then responding to those rewritten requests rather than the requests propounded. Wells Fargo concedes that Plaintiff provided corrected responses two weeks later.

In opposition, Plaintiff clarifies that the stipulated protective order was not violated, because the material uploaded into the closed AI tool was not confidential and AI was not used to respond to the rewritten requests. Moreover, Plaintiff explains that Wells Fargo did not produce any documents marked "Confidential" until one week after the errant responses were served. (RFA Letter at 2.) Plaintiff's points are well taken. Since Plaintiff provided corrected responses to all of the discovery devices within two weeks of the errant responses, and Plaintiff did not violate

United States District Court
Northern District of California

the stipulated protective order, the Court declines to find that Plaintiff waived all objections to the respective discovery devices or find that the requests for admission must be admitted. (*See* RFA Letter at 2.)

Furthermore, the parties are advised that the Court has limited, judicial resources and does not appreciate unnecessary motion practice. Plaintiff served the corrected responses to all three discovery devices prior to the parties' completion of the meet and confer process, which should have resolved this dispute informally. This is particularly true given the extreme relief sought by Wells Fargo. The Court trusts that, going forward, the parties will be more judicious in deciding which disputes require court intervention.

Additionally, the Court makes the findings below regarding the requests for production and the interrogatories.

**A. Requests for Production**

Next, Wells Fargo contends that Plaintiff's corrected responses to Request Nos. 11 and 26 are inadequate. (RFP Letter at 3.)

**i. Request No. 11**

Request No. 11 seeks documents supporting Plaintiffs' claim that Wells Fargo improperly charged her fees as alleged in the first amended complaint ("FAC"). (RFP Letter at 3.) In response, Plaintiff did not identify any documents but stated that she would produce responsive documents presently available to her and referred "Wells Fargo to its own servicing records, payment histories, and remediation-review materials." *Id.*

In opposition, Plaintiff stated that she stands by her corrected response and "will supplement if and when she has additional information." (RFP Letter at 3.) The problem with Plaintiff's response is that it does not state whether she has any responsive documents. Plaintiff must state which documents she has, if any, that support her claims. If she does not have any documents other than the letter attached to the FAC, she must say so. As Plaintiff recognizes, she has a continuing obligation to amend her response if she obtains other documents.

Plaintiff shall serve an amended response to Request No. 11 within 14 days of this order.

//

**ii. Request No. 26**

Request No. 26 seeks a copy of Plaintiff's engagement letter to address sources of litigation funding and who is responsible for the payment of costs and expenses in connection with the prosecution of this case. (RFP Letter at 3-4.) Plaintiff objected to this request on privilege grounds. *Id.* at 4. While Wells Fargo is entitled to information regarding litigation funding, the Civil Local Rules require that this be disclosed in Plaintiff's Certification of Interested Persons or Entities. *See* Civil L.R. 3-15. Plaintiff's certification clearly states that:

> Pursuant to Civil Local Rule 3-15, the undersigned certifies that on behalf of the Plaintiff, there are no persons, associations of persons, firms, partnerships, corporations, or other entities that have a financial interest that could be affected by the outcome of this proceeding, other than the Plaintiff, the proposed Class Members, and the Defendant. **No third-party person or entity is funding the prosecution of the Plaintiff's claims.**

(Dkt. No. 48) (emphasis added.) This is responsive to the non-privileged information sought in Request No. 26, so the Court declines to compel a supplemental response.

**B. Interrogatories**

Finally, Wells Fargo seeks to compel supplemental responses to Interrogatory Nos. 3, 9, and 11. Interrogatory No. 3 seeks information (i.e., the form, calculation, amount, etc.) regarding Plaintiff's damages allegations. (Interrog. Letter at 3.) Plaintiff objects to the extent that it seeks premature expert analysis, damages calculations, or information pertaining to putative class members. *Id.* Plaintiff then states that

> she seeks recovery for, among other things: 1. Increased mortgage indebtedness; 2. Improperly assessed interest; 3. Improperly assessed fees and charges; 4. Increased principal balance; 5. Loss of home equity; 6. Damages associated with the sale of the Property; 7. Credit-related damages; 8. Consequential damages; 9. Statutory damages to the extent permitted by law; 10. Pre-judgment and post-judgment interest; 11. Attorneys' fees and costs where recoverable. Plaintiff's damages analysis remains ongoing. Discovery concerning Wells Fargo's servicing records, remediation review process, and class wide conduct remains incomplete. Plaintiff reserves the right to supplement.

*Id.* at 3. Plaintiff's objections are sustained and her response is sufficient, so the Court will not order her to supplement her response.

Interrogatory No. 9 seeks information regarding what amount of costs, fees, interest,

monthly payments, or principal balance Plaintiff contends Wells Fargo improperly charged her as alleged in the FAC. (Interrog. Letter at 4.) Plaintiff objects on the grounds that this question is premature and that all of the information necessary to identify each improper charge is within Wells Fargo's possession, custody, and control. *Id.* Plaintiff provides a non-exhaustive list of categories of improper charges, including "1. Interest assessed during and following CARES Act forbearance; 2. Fees associated with Wells Fargo's post-forbearance servicing; 3. Monthly payment calculations; 4. Principal balance calculations; 5. Charges identified or implicated by Wells Fargo's remediation review." *Id.* If this is the information that Plaintiff has, this is what she has. That said, she has a continuing obligation to supplement under Rule 26. Wells Fargo's request to compel a supplemental response to this interrogatory is denied.

Finally, Interrogatory No. 11 requests that Plaintiff provide the factual basis for any response to a request for admission that was not an unqualified admission. (Interrog. Letter at 5.) Plaintiff's response was that she "has stated facts to any partial admission or denial in her responses to the Defendant's requests for admission. See also documents produced ME001-ME269." *Id.* In the joint letter, however, Plaintiff contends that this dispute unnecessarily burdens the Court because she promised that a supplemental response will be forthcoming during the parties' meet and confer. *Id.* While that point is well taken, since Plaintiff has offered to supplement this response, the Court will require her to serve her supplemental response to Interrogatory No. 11 within 14 days of this order.

This resolves Dkt. Nos. 69-71.

IT IS SO ORDERED.

Dated: September 9, 2026

KANDIS A. WESTMORE
United States Magistrate Judge